UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LESLY GABRIELA HERNANDEZ
BULNES,

                Petitioner,

v.

MARWAYNE MULLIN, et al.,

                Respondents.

_____/

Case No. 1:26-cv-1670

Honorable Robert J. Jonker

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### **Discussion**

**I.      Procedural History**

In Petitioner's § 2241 petition and brief, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.15).

In an order entered on June 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on June 4, 2026, (ECF No. 4), and Petitioner filed a reply on June 5, 2026, (Reply, ECF No. 5).

## II.     Factual Background

Petitioner is a native and citizen of Honduras. (Pet., ECF No. 1, PageID.1.) Petitioner entered the United States on May 3, 2014, as a six-year-old child. (*Id.*; 2014 Form I-213, ECF No. 4-2, PageID.165.) That same day, a Border Patrol Agent encountered and arrested Petitioner. (2014 Form I-213, ECF No. 4-2, PageID.165.) The Department of Homeland Security (DHS) placed Petitioner in expedited removal proceedings and issued Petitioner an order of expedited removal. (2014 Form I-213, ECF No. 4-1, PageID.165; Notice and Order of Expedited Removal, ECF No. 4-2, PageID.167.) On May 8, 2014, DHS released Petitioner from custody on an Order of Supervision.[1] (Order of Supervision, ECF No. 4-3, PageID.169.)

On February 28, 2026, DHS agents encountered and arrested Petitioner. (2026 Form I-213, ECF No. 4-4, PageID.176.) Following her arrest, DHS vacated Petitioner's 2014 final order of expedited removal after an asylum officer found that Petitioner demonstrated a credible fear of persecution or torture. (Notice to Appear (NTA), ECF No. 4-3, PageID.179.) DHS placed Petitioner in full removal proceedings by issuing Petitioner a Form I-862 NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (*Id.*)

---

[1] On or about April 6, 2021, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal, which was administratively closed on October 15, 2025. (2026 Form I-213, ECF No. 4-4, PageID.176.)

On May 22, 2026, the Detroit Immigration Court denied Petitioner's request for bond without deciding the merits. (Order Immigration Judge, ECF No. 1-2, PageID.147.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Jurisdiction

Respondents contend that this Court lacks jurisdiction to review Petitioner's claim for habeas relief. (ECF No. 4, PageID.158-60) They claim that, because the Notice and Order of Expedited Removal charged Petitioner with expedited removal under § 1225(b)(1), this Court's § 2241 habeas inquiry is limited by 8 U.S.C. § 1252(a)(2)(A).

8 U.S.C. § 1252(a)(2)(A), titled "[r]eview relating to section 1225(b)(1), provides:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—

(i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title.

*See* 8 U.S.C. § 1252(a)(2)(A)(i). Subsection (e) provides:

Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--

(A) whether the petitioner is an alien,

3

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

*See* 8 U.S.C. § 1252(e)(2).

Here, however, Petitioner is not presently detained under § 1225(b)(1) for expedited removal. Respondents' own exhibits show that Petitioner is now in full § 1229a removal proceedings pursuant to a notice to appear. (*See* NTA, ECF No. 4-5, PageID.179); 8 U.S.C. § 1229a(a)(1) (providing that "removal proceedings under section 1229a of this title" begin with the government issuing a "notice to appear"); *see also Reyes v. Nielsen*, No. CV H-18-3971, 2020 WL 1442349, at *3 (S.D. Tex. Feb. 6, 2020), *report and recommendation adopted sub nom. Sequeria Reyes v. Nielsen*, No. 4:18-CV-3971, 2020 WL 1444920 (S.D. Tex. Mar. 24, 2020) (explaining that an "NTA is not issued in a[n] Expedited Removal because an alien is not entitled to a hearing before an Immigration Judge and is detained. *See* 8 C.F.R. § 235.3(2)(ii-iii)"). Therefore, nothing precludes this Court from reviewing Respondents' decision to detain Petitioner.

## V.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because Petitioner is in expedited removal proceedings. As described above, this argument is belied by Respondents' acknowledgment that "[n]oncitizens subject to expedited removal may be removed without further hearing unless they express a fear of persecution upon return to their home country." (ECF No. 4, PageID.156) Respondents also acknowledge that "Petitioner was served with a Notice to Appear"—which initiates normal removal proceedings—

4

after an Immigration Judge found that Petitioner had demonstrated a credible fear of persecution or torture and vacated DHS's negative credible fear determination. (*Id.*, PageID.153).

As such, to the extent that Respondents argue that Petitioner is detained under 8 U.S.C. § 1225(b)(1)(B)(ii), which applies to noncitizens in expedited removal proceedings, that is unpersuasive. Petitioner was placed in expedited removal proceedings but was later placed in removal proceedings under § 240 of the INA (i.e., standard, non-expedited removal proceedings). (*See* March 2026 NTA, ECF No. 4-5, PageID.179). Additionally, to the extent that Respondents contend that Petitioner is detained pursuant to § 1225(b)(1)(B)(iii)(IV), that is also without merit. That clause is only applicable to noncitizens who have *not* been found to have a credible fear of persecution. (*See* ECF No. 4, PageID.153 (noting that Petitioner was determined to have a credible fear of persecution or torture); *see also* ECF No. 4-5, PageID.179).

Based on the facts presented by the parties and the reasoning of the Sixth Circuit Court of Appeals in *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.

### B.    Fifth Amendment Due Process Considerations

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well

5

established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 2026 WL 1283891, at *11. The Sixth Circuit therefore upheld the lower courts' determinations the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at *13.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025);

6

*Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act if Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

### Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[2] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    July 9, 2026                          /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

7